■ In the Matter of CASSANDRA L. CHANNING, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [885 NYS2d 650]—

Per Curiam. Respondent was admitted to practice by this Court in 1995. She maintains an office for the practice of law in the Town of Catskill, Greene County.

Petitioner moves to confirm a Referee's report issued after a hearing which sustained four of five charges of professional misconduct against respondent. Respondent cross-moves to reject the report to the extent the charges were sustained.

We grant petitioner's motion and accordingly find respondent guilty of the following professional misconduct. As set forth in the petition, respondent entered into a real estate listing agreement, as a broker, with a client and failed to properly disclose the terms of that agreement, clarify respondent's role in the transaction, and explain the inherent conflict of interest that existed, in violation of Code of Professional Responsibility DR 1-106, DR 5-101 and DR 5-104 (22 NYCRR 1200.5-b, 1200.20, 1200.23).* Furthermore, by not advising the client of a significant change to the terms of the listing agreement, namely, a substantial increase in the broker's fee, respondent engaged in dishonest and deceitful conduct. Given the manner in which the

---

* All references are to the former Disciplinary Rules of the Code of Professional Responsibility, prior to the April 1, 2009 enactment of the Rules of Professional Conduct.

enhanced fee was obtained, we conclude that the agreement and claim for this fee was excessive. During the course of her subsequent lawsuit seeking to collect this fee, respondent gave false testimony at an examination before trial and at trial, all in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) and DR 2-106 (a) (22 NYCRR 1200.3 [a] [4], [5], [7]; 1200.11 [a]). In aggravation of respondent's misconduct, petitioner cites two prior letters of caution it issued to respondent in 2001 and 2002.

Under all of the circumstances presented, we conclude that, in order to protect the public, deter similar misconduct, and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of six months.

Cardona, P.J., Spain, Kavanagh and Garry, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that, to the extent respondent cross moves to disaffirm the Referee's report, the cross motion is denied; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition of charges, except for specification three of charge one and charge five; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).