*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                D-92-14
_____

In the Matter of TODD D.
   Van SICLEN, an Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,                              MEMORANDUM AND ORDER
               Petitioner;

TODD D. Van SICLEN,
               Respondent.

(Attorney Registration No. 3930070)
_____


Calendar Date:  October 10, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                    _____


      Monica A. Duffy, Committee on Professional Standards,
Albany (Michael K. Creaser of counsel), for petitioner.

      Todd D. Van Siclen, Clifton, New Jersey, respondent pro se.

                    _____


Per Curiam.

      Respondent was admitted to practice by this Court in 2001
and was previously admitted in New Jersey in 2000.  He formerly
practiced law in Washington and now resides in New Jersey.

      By verified petition of charges sworn to June 26, 2014,
petitioner alleges, in a single charge with two specifications,
that respondent, among other conduct, facillitated a corporate
stock transaction for a client of his Seattle, Washington law
firm without first disclosing the firm's financial stake in the
transaction.  The second specification charges respondent in

connection with a securities trading scheme; respondent allegedly assisted his firm's principal in secretly obtaining a controlling interest in a certain corporation, and thereafter actively participated in a false promotional campaign that artificially inflated the value of the corporation's stock, resulting in a windfall to the firm and its principal. Notably, as a result of a judgment entered upon consent in federal district court, respondent was barred from participating in certain stock transactions for a period of three years and fined $10,000.

Now, having granted petitioner's motion for an order declaring that no factual issues are raised by the pleadings and with respondent having offered no submissions in mitigation, we find respondent guilty of professional misconduct as charged in the petition and as admitted by him. Specifically, respondent engaged in a conflict of interest (see former Code of Professional Responsibility DR 5-101 [A] [former 22 NYCRR 1200.24 (A)]) and conduct involving dishonesty, fraud, deceit or misrepresentation, that is prejudicial to the administration of justice, and adversely reflects on his fitness as a lawyer (see former Code of Professional Responsibility DR 1-102 [A] [4], [5], [7] [former 22 NYCRR 1200.3 (A) (4), (5), (7)]).

Under all of the circumstances presented, we conclude that, in order to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of two years (see Matter of Doyle, 121 AD3d 1401, 1401-1402 [2014]; compare Matter of Channing, 66 AD3d 1110, 1110-1111 [2009]; Matter of Robbins, 61 AD3d 1177, 1177 [2009]).

Lahtinen, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that respondent is found guilty of professional misconduct as set forth in the petition of charges; and it is further

ORDERED that respondent is suspended from the practice of law for a period of two years, effective 20 days from the date of this decision, and until further order of this Court; and it is further

ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see Rules of the App Div, 3d Dept [22 NYCRR] § 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court