[48 NYS3d 575]

In the Matter of Yoo Rok Jung (Admitted as Yoorok Jung), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, January 24, 2017

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Yoo Rok Jung*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Yoo Rok Jung was admitted to the practice of law in the State of New York by the Second Judicial Department on January 26, 2011 under the name Yoorok Jung. At all times relevant to this proceeding, until on or about May 27, 2014 when respondent changed her Office of Court Administration (OCA) registration address to Jeonju, South Korea, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g) (now 22 NYCRR 1240.9 [b]), disbarring respondent from the practice of law, because she was suspended under 22 NYCRR 603.4 (e) (1) (i) and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension, which was October 6, 2015.

Respondent was suspended because she failed to fully cooperate with the Committee's investigation into three client complaints, and for not appearing for a continued deposition.

On October 9, 2015, the Committee served respondent a notice of entry of this Court's order of suspension by mailing same by international registered mail to her address in Korea. The underlying motion for interim suspension had been served pursuant to an order of this Court permitting service by publication in the New York Law Journal. Service of the motion was also made by mailing a copy of the motion by international registered mail to respondent's address (as listed with OCA) in Korea, and by first-class and certified mail to her former firm's address in New York, but she did not appear on the interim suspension motion. The Committee's notice of motion contained the following notice:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended pursuant to 603.4 (e) (1), and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

More than six months have elapsed since the date of this Court's October 6, 2015 order of suspension but respondent has not sought a hearing or reinstatement, warranting disbarment (*Matter of Claffey*, 99 AD3d 201 [1st Dept 2012]; *Matter of Bloodsaw*, 95 AD3d 226 [1st Dept 2012]; *Matter of Bambury*, 91 AD3d 141 [1st Dept 2011]; *Matter of Bugtti*, 15 AD3d 70 [1st Dept 2005]).

Accordingly, the Committee's motion to disbar respondent, pursuant to 22 NYCRR 1240.9 (b), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

FRIEDMAN, J.P., SWEENY, RICHTER, MAZZARELLI and MOSKOWITZ, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.