■ In the Matter of JOHN HARVEY NICHOLS III, an Attorney. [55 NYS3d 922]—

Per Curiam. Respondent was admitted to practice by this Court in 2003. He currently resides in West Virginia despite listing a business address in Warren County with the Office of Court Administration.

By order entered April 10, 2014, this Court suspended respondent from the practice of law due to his failure to cooperate with an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) and his failure to abide by a December 2013 subpoena duces tecum issued by this Court directing him to appear and give testimony and produce records relevant to AGC's investigation of two pending disciplinary complaints (116 AD3d 1221 [2014]). Said suspension remains in effect. AGC also advises that respondent is delinquent in his New York attorney registration requirements, having failed to timely register for the past three biennial registration periods beginning in 2013 (*see* Judiciary Law § 468-a). AGC now moves, by order to show cause returnable June 26, 2017, to disbar respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) on the

ground that respondent has failed to respond or otherwise appear for further investigatory or disciplinary proceedings within six months from the date of entry of this Court's suspension order.

AGC's underlying order to show cause seeking to suspend respondent for failure to cooperate with its investigation and abide by this Court's December 2013 judicial subpoena duces tecum was served on respondent by regular and certified mail, return receipt requested in January 2014. Respondent, however, failed to reply to the suspension motion and, by order decided and entered April 10, 2014, this Court granted AGC's motion and suspended respondent from the practice of law, pending his full compliance with the subpoena and until further order of this Court. The instant motion seeking an order disbarring respondent was also served upon him by first class mail and certified mail, return receipt requested and to which respondent has likewise failed to respond.* In addition, AGC has presented uncontroverted evidence of respondent's professional misconduct through Office of Court Administration records, namely, respondent's failure to timely register as an attorney pursuant to Judiciary Law § 468-a (see Matter of Cluff, 148 AD3d 1346, 1346 [2017]; Matter of Bomba, 146 AD3d 1226, 1226-1227 [2017]). Accordingly, inasmuch as respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings within six months from this Court's April 2014 order of suspension, we find that, under the circumstances, he should be disbarred (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Yoo Rok Jung, 148 AD3d 1, 3 [2017]; Matter of Jones, 148 AD3d 113, 114-115 [2017]).

Peters, P.J., McCarthy, Garry, Rose and Clark, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of

---

* A respondent who has been suspended from the practice of law, on an interim basis, based upon his or her default in responding to a notice to appear for formal interview, examination, or pursuant to subpoena who thereafter fails to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]). Here, however, to the extent that respondent's interim suspension was imposed prior to the October 1, 2016 effective date of the Rules for Attorney Disciplinary Matters, AGC's order to show cause seeking respondent's disbarment was made on notice to respondent, to which motion he nevertheless has failed to reply.

New York, effective immediately; and it is further ordered that, effective immediately, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).