Per Curiam.
 

 Respondent was admitted to practice by the Appellate Division, Second Department in 1976. He lists a business address in the City of Watervliet, Albany County with the Office of Court Administration.
 

 By order entered March 23, 2017, this Court suspended respondent from the practice of law due to his failure to cooperate with an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) and his failure to fully comply with a September 2016 subpoena duces tecum issued by this Court directing him to, among other things, produce records relevant to AGC’s investigation (148 AD3d 1451 [2017]). Said suspension remains in effect.
 

 AGC now moves to disbar respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) on the ground that respondent has failed to respond or otherwise appear for further investigatory or disciplinary proceedings within six months from the date of entry of this Court’s suspension order. Although further notice to respondent is not required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) (see Matter of Yoo Rok Jung, 148 AD3d 1, 3 [2017]), respondent was nevertheless served with this motion to disbar by first class mail, certified mail return receipt requested, and by email, but no response has been received. Accordingly, inasmuch as respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings within six months from this Court’s March 2017 order of suspension, we find that, under the circumstances, he should be disbarred (see Matter of Nichols, 152 AD3d 1044 [2017]; see also Matter of Karan, 157 AD3d 61 [2017]; Matter of Kelly, 155 AD3d 25 [2017]).
 

 Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ., concur.
 

 Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).