Matter of Humphrey (2018 NY Slip Op 00890)





Matter of Humphrey


2018 NY Slip Op 00890


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018


[*1]In the Matter of CHRISTOPHER CRAIG HUMPHREY, a Suspended Attorney. (Attorney Registration No. 4023131)

Calendar Date: January 8, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER 
Respondent was admitted to the practice of law by this Court in 2002. He lists a Saratoga County business address with the Office of Court Administration (hereinafter OCA).
Previously, by order entered June 29, 2017, this Court suspended respondent from the practice of law due to his failure to cooperate with an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) into alleged professional misconduct and, further, respondent's failure to appear at a scheduled examination (151 AD3d 1539 [2017]). Said suspension remains in effect. Notably, respondent has also failed to file the required affidavit of compliance as the result of his suspension as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).
AGC now moves to disbar respondent based upon his failure to respond or appear for further investigatory or disciplinary
proceedings for a period of more than six months since the date of his interim suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]). Although AGC has made numerous attempts to serve this motion upon respondent (but see Matter of Jung, 148 AD3d 1, 3 [2017]), respondent has nevertheless not responded thereto. Consequently, inasmuch as respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings within six months from this Court's June 2017 order of interim suspension, we find that, under the circumstances, the motion for disbarment should be granted (see Matter of Croak, 156 AD3d 1111 [2017]; Matter of Nichols, 152 AD3d 1044 [2017]).
McCarthy, J.P., Egan Jr., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).