Matter of DiStefano (2018 NY Slip Op 03594)





Matter of DiSTEFANO


2018 NY Slip Op 03594


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018


[*1]In the Matter of RICHARD T. DiSTEFANO, a Suspended Attorney. (Attorney Registration No. 2041044)

Calendar Date: April 30, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER ON
Respondent was admitted to practice by this Court in 1986
and maintained an office in the City of Albany, Albany County.
He previously served as Town of Colonie Justice from 2002
until 2005, when he resigned while under investigation by the Commission on Judicial Conduct (see Matter of DiStefano, 2005 WL 5727950 [NY Commn Jud Conduct, Nov. 16, 2005]).
Following a May 2013 complaint, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation concerning allegations of professional misconduct related to respondent's neglect of a client's matrimonial matter and his engagement in a sexual relationship with that domestic relations client (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3, 1.4, 1.8 [j]). By order entered October 12, 2017, this Court suspended respondent from the practice of law due to his failure to cooperate with that investigation and his failure to fully comply with a subpoena
duces tecum issued by this Court directing him to, among other things, produce records relevant to AGC's investigation and to give testimony under oath (154 AD3d 1055 [2017])[FN1]. Said [*2]suspension remains in effect.
AGC now seeks to disbar respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) on the ground that respondent has failed to respond or otherwise appear for further investigatory or disciplinary proceedings within six months from the date of entry of this Court's suspension order. AGC has provided respondent with notice of its motion despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Jung, 148 AD3d 1, 3 [2017]), and respondent has made no effort to cooperate with AGC's investigation, evidencing a clear disregard for his fate as an attorney. Accordingly, inasmuch as respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings within six months from this Court's October 2017 order of suspension, we find that, under the circumstances, he should be disbarred (see Matter of Croak, 156 AD3d 1111, 1112 [2017], appeal dismissed ___ NY3d ___ [Mar. 22, 2018]; Matter of Nichols, 152 AD3d 1044 [2017]).
Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: AGC has advised the Court that it has authorized a Chief Attorney's Complaint stemming from allegations that respondent appeared in court on behalf of a party in a matrimonial matter, in contravention of this Court's October 2017 suspension order. We further note that respondent has failed to submit an affidavit of compliance with that order in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).