Matter of Battaglia (2018 NY Slip Op 07822)





Matter of Battaglia


2018 NY Slip Op 07822


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: November 15, 2018
[*1]
In the Matter of JOSEPH JAMES BATTAGLIA, a Suspended Attorney. 

(Attorney Registration No. 4518536)

Calendar Date: October 29, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Rumsey and

 Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam. Respondent was admitted to practice by this Court in 2007. He presently lists a business
address in the Town of Ghent, Columbia County with the Office of Court Administration.
 By order entered March 22, 2018, this Court suspended respondent from the practice of law due to his failure to fully cooperate and produce documentation in connection with an investigation of four client complaints by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), as well as his failure to comply with a subpoena duces tecum issued by this Court directing him to appear for an examination (159 AD3d 1269 [2018]). Said suspension remains in effect.
AGC now seeks to disbar respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) on the basis that he has failed to respond or otherwise appear for further investigatory or disciplinary proceedings within six months from the date of entry of this Court's suspension order [FN1]. AGC has provided respondent with notice of its application despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Jung, 148 AD3d 1, 3 [2017]). Nonetheless, respondent has made no effort to respond or appear, demonstrating a clear disregard for his fate as an attorney. Accordingly, we find that, under the circumstances, he should be disbarred (see Matter of DiStefano, 161 AD3d 1444, 1445 [2018]; Matter of Humphrey, 158 AD3d 933 [2018]; Matter of Croak, 156 AD3d 1111, 1112 [2017], appeal dismissed 31 NY3d 997 [2018]; Matter of Nichols, 152 AD3d 1044, 1045 [2017]).
Egan Jr., J.P., Devine, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We further note that respondent has failed to submit an affidavit of compliance with the suspension order in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).