Matter of Channing (2019 NY Slip Op 03127)





Matter of Channing


2019 NY Slip Op 03127


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: April 25, 2019
[*1]
In the Matter of CASSANDRA LEE CHANNING, a Suspended Attorney. 

(Attorney Registration No. 2693554)

Calendar Date: February 25, 2019


Garry, P.J., Egan Jr., Lynch, Clark and Devine, JJ. 


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee



MEMORANDUM AND ORDER
Per Curiam.
 Respondent was admitted to practice by this Court in 1995. She last listed a business address in Hannacroix, Greene County with the Office of Court Administration.
In October 2009, respondent was suspended from the practice of law for six months upon sustained charges of deceitful conduct in connection with her role as a real estate broker (66 AD3d 1110 [2009]). She was reinstated to practice in April 2011 (83 AD3d 1202 [2011]). In July 2018, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) successfully moved for respondent's interim suspension based upon her failure to respond to AGC's notices of two additional grievance complaints, or its request that she appear for an examination (163 AD3d 1259 [2018]). Said suspension remains in full force and effect.
Subsequently, based upon new allegations that respondent has failed to respond to notices seeking, among other things, respondent's appearance at an examination and her cooperation in the investigation of separate complaints of professional misconduct, AGC now moves by order to show cause dated January 16, 2019 for, among other things, a second order suspending respondent during its investigation of the new allegations. Respondent has failed to respond to AGC's motion and, during its pendency, AGC has submitted an additional application in March 2019 seeking the disbarment of respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b), on the basis that she has failed to respond or otherwise appear for further investigatory or disciplinary proceedings within six months from the date of entry of this Court's July 2018 suspension order [FN1]. AGC has provided respondent with notice of its application despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Jung, 148 AD3d 1, 3 [2017]). Nonetheless, respondent has made no effort to respond or appear, demonstrating a clear disregard for her fate as an attorney.
Based upon AGC's submissions, we find that its motion seeking respondent's disbarment should be granted (see Matter of Yu, ___ AD3d ___, 94 NYS3d 896, 896 [2019]; Matter of Battaglia, 166 AD3d 1281, 1282 [2018]; Matter of DiStefano, 161 AD3d 1444, 1445 [2018]; Matter of Humphrey, 158 AD3d 933 [2018]; Matter of Croak, 156 AD3d 1111, 1112 [2017], appeal dismissed 31 NY3d 997 [2018]; Matter of Nichols, 152 AD3d 1044, 1045 [2017]). In light of this determination, we also deem AGC's January 2019 motion to be moot to the extent that it seeks a second interim suspension order. To the extent that AGC's January 2019 motion seeks relief pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (c), however, such relief is granted. In such motion, AGC has presented uncontroverted evidence that respondent was entrusted with $4,500 in client funds belonging to Chester F. Meyer, and respondent is therefore directed to return such funds to Meyer within 30 days of this decision. Respondent shall demonstrate her compliance with this aspect of our order by filing an affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]) with this Court, on notice to AGC, on or before June 10, 2019.
Garry, P.J., Egan Jr., Lynch, Clark and Devine, JJ., concur
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department dated March 21, 2019 is granted (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]); and it is further
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department dated January 16, 2019 is granted in part and dismissed in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We further note that respondent has failed to submit an affidavit of compliance following that suspension order in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).