Matter of Reynolds (2019 NY Slip Op 06843)





Matter of Reynolds


2019 NY Slip Op 06843


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

PM-141-19

[*1]In the Matter of Scott Lee Reynolds, a Suspended Attorney. (Attorney Registration No. 3039583)

Calendar Date: August 27, 2019

Before: Egan Jr., J.P., Lynch, Clark and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by the First Department in 2000, but previously maintained a business address in the Town of Horseheads, Chemung County (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). By June 2017 order, this Court suspended respondent from the practice of law due to his failure to cooperate, provide requested documentation and appear for a formal examination under oath in connection with an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) into allegations that he engaged in professional misconduct with regard to his dual representation of the parties to a real estate transaction (151 AD3d 1542 [2017]). Said suspension remains in effect.
AGC now seeks to disbar respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) on the basis that he has failed to respond or otherwise appear for further investigatory or disciplinary proceedings within six months from the date of entry of this Court's suspension order.[FN1] AGC has provided respondent with notice of its application despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see also Matter of Jung, 148 AD3d 1, 3 [2017]). Nonetheless, respondent has failed to respond or appear, demonstrating a clear disregard for his fate as an attorney. Accordingly, we find that, under the circumstances, AGC's motion should be granted and respondent should be disbarred (see Matter of Hessberg, 173 AD3d 1549, 1550 [2019]; Matter of Yu, 170 AD3d 1421 [2019]; Matter of Battaglia, 166 AD3d 1281, 1282 [2018]; Matter of DiStefano, 161 AD3d 1444, 1445 [2018]; Matter of Croak, 156 AD3d 1111, 1112 [2017], appeal dismissed 31 NY3d 997 [2018]).
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We further note that respondent has failed to submit an affidavit of compliance in accordance with the terms of the suspension order in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).