Matter of Ackerman (2019 NY Slip Op 07677)





Matter of Ackerman


2019 NY Slip Op 07677


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

PM-166-19

[*1]In the Matter of Philip George Ackerman, a Suspended Attorney. (Attorney Registration No. 2530517.)

Calendar Date: September 23, 2019

Before: Garry, P.J., Lynch, Mulvey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser, of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Philip G. Ackerman, Troy, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1993 and lists a business address in the City of Troy, Rensselaer County with the Office of Court Administration. By order entered December 6, 2018, this Court suspended respondent from the practice of law due to his failure to cooperate with investigations by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) of numerous client complaints alleging that respondent had, among other misconduct, neglected client matters (167 AD3d 1151 [2018]). Said suspension remains in effect.
AGC now moves to disbar respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) upon the ground that he has remained noncooperative with AGC's investigations. Respondent was specifically advised in our suspension order that his "failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of [the order] may result in his disbarment by the Court without further notice" (id. at 1153; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]). AGC similarly advised respondent in May 2019, directing him to respond to its various notices and requests on or before June 6, 2019. Despite these admonitions, respondent did not respond as directed, prompting the instant application. AGC has provided respondent with notice of its motion despite having no obligation to do so (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]), but respondent nevertheless had no communication with AGC or this Court until more than a month later. Although we granted respondent an extension of time to respond to AGC's motion, his resulting affidavit does not offer meaningful responses to AGC's many requests for information (see Matter of Fritzsch, 170 AD3d 1422, 1423 [2019]). Furthermore, respondent attempts to explain his failure to cooperate with AGC with his frank admission that he "did not create or keep adequate files on the cases being investigated" (see generally Rule of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [d], [i]). Finally, AGC advises of two new client complaints that have arisen since respondent's suspension, and to which respondent has again been nonresponsive. Accordingly, we find that respondent should be disbarred (see Matter of Hessberg, 173 AD3d 1549, 1549-1550 [2019]; Matter of Battaglia, 166 AD3d 1281, 1282 [2018]; Matter of Croak, 156 AD3d 1111, 1112 [2017], appeal dismissed 31 NY3d 997 [2018]).
Garry, P.J., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).