Matter of McCoy-Jacien (2020 NY Slip Op 01692)





Matter of McCoy-Jacien


2020 NY Slip Op 01692


Decided on March 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 12, 2020

PM-41-20

[*1]In the Matter of Phyllis R. McCoy-Jacien, a Suspended Attorney. (Attorney Registration No. 2908028.)

Calendar Date: March 2, 2020

Before: Egan Jr., J.P., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1998, after having previously been admitted in Vermont in 1989. In March 2017, we censured respondent upon a finding of misconduct in Vermont due to her failure to file income taxes in that state over a four-year period (148 AD3d 1420 [2017]). Respondent was later suspended in Vermont for a nine-month term due to her failure to comply with certain conditions imposed upon her as part of the earlier disciplinary proceeding, and we accordingly suspended her for a one-year term in December 2018 due to her Vermont misconduct (167 AD3d 1414 [2018]).
Alleging her failure to cooperate with two separate investigations, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moved to suspend respondent from the practice of law for engaging in conduct immediately threatening the public interest pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1), (3) and (5) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.9. Respondent did not respond to the motion and this Court granted same and again suspended respondent by August 2019 order (175 AD3d 801 [2019]).[FN1] Respondent remains suspended to date.
AGC now moves, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b), to disbar respondent and strike her name from the roll of attorneys due to her failure to respond or appear for further investigatory or disciplinary proceedings for a period of more than six months since the date of her interim suspension. Although AGC was not required to provide notice to respondent of the instant motion, it nonetheless did so and respondent has nevertheless failed to respond, indicating her lack of interest in her fate as an attorney in this state. Accordingly, we find, under the circumstances, that respondent should be disbarred (see Matter of Fritzsch, 170 AD3d 1422, 1422 [2019], lv dismissed 34 NY3d 943 [2019]; Matter of Battaglia, 166 AD3d 1281, 1282 [2018]; Matter of DiStefano, 161 AD3d 1444, 1445 [2018]; Matter of Croak, 156 AD3d 1111, 1112 [2017], appeal dismissed 31 NY3d 997 [2018]; Matter of Nichols, 152 AD3d 1044, 1045 [2017]).
Egan Jr., J.P., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ., concur. 
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note respondent's failure to submit an affidavit of compliance with that order in contravention of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f).