■ In the Matter of SCOTT LEE REYNOLDS, an Attorney. [54 NYS3d 884]—

Per Curiam. Respondent was admitted to practice by the First Department in 2000, and presently maintains a business address in the Town of Horseheads, Chemung County (*see generally* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]). Respondent is the subject of an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) into allegations that he engaged in professional misconduct with regard to his dual representation of the parties to a real estate transaction. Upon receipt of the subject disciplinary complaint, AGC directed respondent to provide a detailed response to the allegations set forth therein. Respondent failed to comply with AGC's request, prompting AGC to send respondent a second notice directing him to file a response to the allegations set forth in the complaint. Respondent, once again, failed to comply with AGC's request. Accordingly, AGC sent respondent a Notice to Appear for Examination, directing respondent to appear for a formal examination, under oath, on May 3, 2017 and to produce certain records relevant to the subject complaint (*see generally* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2]). Respondent failed to appear at the examination as directed nor has he otherwise been in contact with AGC with regard to its investigation. By order to show cause returnable June 19, 2017, AGC now moves for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 suspending respondent from the practice of law due to his failure to comply with AGC's lawful demand to appear for a formal examination and his failure to otherwise comply with AGC's disciplinary investigation. Respondent has not replied to the motion.

AGC has submitted sufficient evidence establishing respondent's failure to comply with AGC's investigation and its lawful demand to appear for a formal examination under oath. We find that respondent's noncompliance with AGC's investigation immediately threatens the public interest (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]) and imperils the effectiveness of the attorney disciplinary system. Accordingly, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; *see also Matter of Croak*, 148 AD3d 1451, 1451-1452 [2017]).

McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (*see generally* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9); and it is further ordered that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further ordered that, within 20 days from the date of service of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further ordered that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).