■ In the Matter of CHRISTOPHER CRAIG HUMPHREY, an Attorney. [54 NYS3d 882]—

Per Curiam. Respondent was admitted to the practice of law by this Court in 2002. He lists a Saratoga County business address with the Office of Court Administration (hereinafter OCA) and apparently resides in Nantucket, Massachusetts.

Respondent is the subject of an investigation and complaint of professional misconduct by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) regarding allegations that he, among other things, neglected a client's matter. Pursuant thereto, AGC directed respondent to

provide, among other things, various records and to appear for an examination under oath (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2]). AGC reports that respondent failed to respond or produce the requested records and also failed to appear at the scheduled January 31, 2017 examination as directed. AGC also advises that respondent is delinquent in his New York attorney registration requirements, having failed to timely register for the biennial period beginning in 2016 (*see* Judiciary Law § 468-a), a fact confirmed by OCA records. Now, by order to show cause returnable June 19, 2017, AGC moves for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1), (3) and (5) suspending respondent from the practice of law during the pendency of its investigation.

AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notice of examination, and his failure to comply with AGC's numerous lawful demands for the production of his records. Further, AGC has presented uncontroverted evidence of respondent's professional misconduct through OCA records, namely, respondent's failure to timely register as an attorney pursuant to Judiciary Law § 468-a (*see Matter of Cluff*, 148 AD3d 1346, 1346 [2017]; *Matter of Bomba*, 146 AD3d 1226, 1226-1227 [2017]). Accordingly, we find that respondent's conduct immediately threatens the public interest (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]) and imperils the effectiveness of the attorney disciplinary system. Consequently, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; *see also Matter of Croak*, 148 AD3d 1451 [2017]).

Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (*see generally* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9); and it is further ordered that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give

to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further ordered that, within 20 days from the date of service of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further ordered that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).