■  In the Matter of BRIAN P. FARLEY, an Attorney. [61 NYS3d 516]—

Per Curiam. Respondent was admitted to practice by this Court in 1980. He lists a business address in the City of Albany with the Office of Court Administration.

Respondent is the subject of an investigation of alleged professional misconduct conducted by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) with respect to a complaint from a client in a personal injury matter. Pursuant thereto, AGC directed respondent to provide, among other things, various records and to appear for an examination under oath (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2]). AGC reports that respondent failed to respond to AGC's requests or produce the requested records and, further, failed to appear at the scheduled June 27, 2017 examination as directed. Now, by order to show cause returnable September 18, 2017, AGC moves for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) suspending respondent from the practice of law during the pendency of its investigation. Respondent has not responded to the application.

AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notice of examination, as well as his failure to comply with AGC's several lawful demands for the production of his records. Accordingly, we find that respondent's conduct immediately threatens the public interest (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]) and imperils the effectiveness of the attorney disciplinary system. Consequently, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; *see also Matter of Humphrey*, 151 AD3d 1539 [2017]; *Matter of Croak*, 148 AD3d 1451 [2017]).

Peters, P.J., Rose, Clark, Mulvey and Pritzker, JJ., concur.

Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further ordered that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (*see generally* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further ordered that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further ordered that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him, and it is further ordered that, within 20 days from the date of service of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further ordered that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).