Matter of DiStefano (2017 NY Slip Op 07164)





Matter of DiSTEFANO


2017 NY Slip Op 07164


Decided on October 12, 2017


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2017


[*1]In the Matter of RICHARD T. DiSTEFANO, an Attorney. (Attorney Registration No. 2041044)

Calendar Date: September 18, 2017

Before: Peters, P.J., Garry, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER 
Respondent was admitted to practice by this Court in 1986. He lists a business address in the City of Albany with the Office of Court Administration.
Respondent is currently the subject of an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) concerning allegations of professional misconduct related to his neglect of a client's matrimonial matter and his engagement in a conflict of interest specific to attorneys who engage in domestic relations representation (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3, 1.4, 1.8 [j]). In connection with that investigation, AGC served respondent with a notice of examination directing him to appear for an examination under oath and to produce his files concerning his representation of the client at issue (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2]). Said notice was delivered to respondent's business address on file with the Office of Court Administration
and was signed for at that office. Nonetheless, respondent failed to produce the requested documents and did not appear for the scheduled examination.
Thereafter, AGC obtained a subpoena duces tecum from this Court that was personally served upon respondent and directed him to appear at AGC's office to give testimony under oath and produce certain documentation concerning his representation of the client (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [3]). Respondent thereafter produced some, but not all, of the documentation requested, and he subsequently failed to appear for examination as directed by this Court's subpoena.
AGC now accordingly moves, by order to show cause made returnable September 18, 2017, to suspend respondent during the pendency of its investigation. To date, respondent has [*2]failed to respond to AGC's motion, and the aforementioned facts concerning respondent's lack of cooperation with the investigation are thus uncontroverted.
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) provides that a respondent may be suspended during the pendency of a disciplinary investigation upon a showing that he or she "has engaged in conduct immediately threatening the public interest." Such conduct may be established by, among other things, proof that the respondent has defaulted in responding to a notice to appear for formal interview, examination or pursuant to subpoena (see Matter of Humphrey, 151 AD3d 1539, 1540 [2017]; Matter of Reynolds, 151 AD3d 1542, 1542-1543 [2017]), or has otherwise failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation (see Matter of Croak, 148 AD3d 1451, 1452 [2017]; see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Significantly, a respondent who has been suspended on an interim basis pursuant to this rule is thereafter subject to automatic disbarment if he or she fails to "respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see Matter of Nichols, 152 AD3d 1044, 1045 [2017]).
As noted, the evidence that respondent has failed to comply with AGC's lawful demands for documentation or to appear for examination as directed — once pursuant to a subpoena issued by this Court — is not disputed (see Rules for Attorney Disciplinary Matters [22 NYCRR] §§ 1240.7 [b]; 1240.9 [b]). Accordingly, we find that respondent has engaged in conduct that poses an immediate threat to the public interest and, therefore, grant AGC's motion and suspend respondent from the practice of law, effective immediately (see Matter of Reynolds, 151 AD3d at 1543).
Peters, P.J., Garry, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him, and it is further
ORDERED that, within 20 days from the date of service of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).