Matter of Battaglia (2018 NY Slip Op 01991)





Matter of Battaglia


2018 NY Slip Op 01991


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018


[*1]In the Matter of JOSEPH JAMES, BATTAGLIA, an Attorney. (Attorney Registration No. 4518536)

Calendar Date: March 12, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1980. He presently lists a business address in the Town of Ghent, Columbia County with the Office of Court Administration.
Respondent is the subject of an investigation of alleged professional misconduct conducted by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) with respect to complaints of professional misconduct by four separate clients. Despite some nominal efforts to belatedly communicate with AGC, respondent nonetheless failed to fully comply with AGC's lawful demand for his information and records concerning these complaints. Moreover, respondent also failed to respond to AGC's numerous notices to appear for examination and failed to appear at any of the scheduled examinations at AGC's offices, even after being directed to do so pursuant to a judicial subpoena issued by this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2], [3]). Now, by order to show cause returnable March 12, 2018, AGC moves for an
order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) suspending respondent from the practice of law during the pendency of its investigation. To date, respondent has not responded to the application.
AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notices of examination, as well as his failure to fully comply with AGC's several lawful demands for the production of his records. Accordingly, we find that respondent's conduct immediately threatens the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]) and clearly imperils the effectiveness of the attorney disciplinary system. Consequently, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Rules for Attorney [*2]Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see also Matter of DiStefano, 154 AD3d 1055 [2017]; Matter of Humphrey, 151 AD3d 1539 [2017]).
Egan Jr., J.P., Devine, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of service of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).