Matter of Fritzsch (2018 NY Slip Op 04632)





Matter of Fritzsch


2018 NY Slip Op 04632


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018


[*1]In the Matter of CRAIG RAYMOND FRITZSCH, an Attorney. (Attorney Registration No. 2005387)

Calendar Date: May 14, 2018

Before: McCarthy, J.P., Lynch, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Craig Raymond Fritzsch, Binghamton, respondent pro se.



MEMORANDUM AND ORDER 
Respondent was admitted to practice by the Appellate Division, Fourth Judicial Department in 1984 and currently maintains an office for the practice of law in the City of Binghamton, Broome County. Respondent is the subject of two separate investigations of professional misconduct by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC). In April 2016, AGC, then known as the Committee on Professional Standards, authorized a Chief Attorney's Complaint (see Rules of App Div, 3d Dept [22 NYCRR] former § 806.4 [a]) regarding allegations that respondent, among other things, threatened opposing counsel in a City Court proceeding with criminal charges unless counsel disgorged monies to his client. In July 2017, while AGC was investigating the foregoing allegations, it received a second complaint of professional misconduct alleging, in part, that respondent had engaged in a conflict of interest and impermissible self-dealing during his representation of a relative in connection with the administration of an estate. Pursuant thereto, AGC directed respondent to provide, among other things, a detailed written response to the allegations along with various records and to appear for an examination under oath (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2]). AGC reports that respondent failed to respond or produce the requested records and also failed to appear at the scheduled February 9, 2018 examination as directed. Now, by order to show cause returnable May 14, 2018, AGC moves for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) suspending respondent from the practice of law during the pendency of its investigations.
AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notice of examination, and his failure to comply with its lawful demands for the production of his records concerning its investigations (see Matter of Humphrey, 151 AD3d 1539, 1540 [2017]; Matter of Reynolds, 151 AD3d 1542, 1542-1543 [2017]). Accordingly, we find that respondent's conduct immediately threatens the public interest and imperils the effectiveness of the attorney disciplinary system (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). We, therefore, grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigations and until further order of this Court (see Matter of DiStefano, 154 AD3d 1055, 1057 [2017]; Matter of Nichols, 152 AD3d 1044, 1045 [2017]). We further note that, based upon his suspension pursuant to this rule, respondent is thereafter subject to disbarment if he fails to "respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]; see Matter of DiStefano, ___ AD3d ___, 73 NYS3d 771 [2018]).
McCarthy, J.P., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him, and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).