Matter of Channing (2018 NY Slip Op 05262)





Matter of Channing


2018 NY Slip Op 05262


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018


[*1]In the Matter of CASSANDRA LEE CHANNING, an Attorney. 
(Attorney Registration No. 2693554)

Calendar Date: June 18, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1995. She lists a business address in Hannacroix, Greene County with the Office of Court Administration.
Respondent is currently the subject of investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) concerning allegations of professional misconduct related to her neglect of a pair of client matters (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]). In connection with those investigations, AGC served respondent with four separate notices advising her of the complaints against her and requesting detailed written responses thereto (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2]). With regard to one such complaint, AGC also served respondent with a notice directing her to appear for examination and produce a copy of her client file. Despite verbally acknowledging to AGC staff that she had received the notice pertaining to at least one of complaints, and despite confirming the accuracy of her mailing address, AGC avers that respondent has not responded to any of its notices and failed to appear for the scheduled examination.
AGC now accordingly moves, by order to show cause made returnable June 18, 2018, to suspend respondent during the pendency of its investigations. To date, respondent has failed to respond to AGC's motion, and the aforementioned facts concerning respondent's lack of cooperation with the investigation are thus uncontroverted.
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) provides that a respondent may be suspended during the pendency of a disciplinary investigation upon a showing [*2]that he or she "has engaged in conduct immediately threatening the public interest." Such conduct may be established by, among other things, proof that the respondent has defaulted in responding to a notice to appear for formal interview, examination or pursuant to subpoena (see Matter of Reynolds, 151 AD3d 1542, 1542-1543 [2017]; Matter of Humphrey, 151 AD3d 1539, 1540 [2017]), or has otherwise failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation (see Matter of Croak, 148 AD3d 1451, 1452 [2017]; see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
As noted, the evidence that respondent has failed to comply with AGC's lawful demands for documentation or to appear for examination as directed is not disputed (see Rules for Attorney Disciplinary Matters [22 NYCRR] §§ 1240.7 [b]; 1240.9 [b]). Accordingly, we find that respondent has engaged in conduct that poses an immediate threat to the public interest, grant AGC's motion and suspend respondent from practice, effective immediately (see Matter of Reynolds, 151 AD3d at 1543).
Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her, and it is further
ORDERED that, within 20 days from the date of service of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in her disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).