Matter of Yu (2018 NY Slip Op 05659)





Matter of Yu


2018 NY Slip Op 05659


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018


[*1]In the Matter of RYAN YU, an Attorney. (Attorney Registration No. 4844270)

Calendar Date: June 4, 2018

Before: Egan Jr., J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER ON
Per Curiam.
Respondent was admitted to practice by this Court in 2010. He presently lists a business address in Los Angeles, California with the Office of Court Administration.
Respondent, a Canadian citizen, is the subject of an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) with respect to 19 separate complaints of professional misconduct stemming from, among other things, his former immigration practice in California. Following receipt of the complaints concerning respondent's alleged misconduct, AGC made repeated unsuccessful attempts to gain his cooperation in the investigation. In 2015, respondent's own nonimmigrant visa was revoked on the basis of his violation of the terms thereof and respondent appears to have subsequently self-deported to Canada. He defaulted in responding to AGC's notice to appear for a sworn examination and failed to comply with lawful demands for his information and records. Now, by order to show cause returnable June 4, 2018, AGC moves for an order suspending respondent from the practice of law during the pendency of its investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3], [5]). To date, respondent has not responded to the motion, which was duly sent to his last known addresses in Canada and was not returned as undeliverable.
AGC has submitted sufficient evidence establishing respondent's default in responding to AGC's notice of examination, as well as his failure to cooperate by producing his records, despite several requests to do so. AGC also submitted proof that respondent failed to update his attorney registration information so as to provide a current address at which he could be reached (see Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [f], [h]). Accordingly, we find that respondent's conduct immediately threatens the public interest (see Rules for Attorney [*2]Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and clearly imperils the effectiveness of the attorney disciplinary system. Consequently, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see also Matter of Battaglia, 159 AD3d 1269 [2018]; Matter of DiStefano, 154 AD3d 1055 [2017]; Matter of Humphrey, 151 AD3d 1539 [2017]).
Egan Jr., J.P., Lynch, Devine, Mulvey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).