Matter of Tan (2018 NY Slip Op 06068)





Matter of Tan


2018 NY Slip Op 06068


Decided on September 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 13, 2018


[*1]In the Matter of LINCOLN LIM TAN JR., an Attorney. (Attorney Registration No. 4970240)

Calendar Date: August 20, 2018

Before: Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Lincoln Lim Tan Jr., Jersey City, New Jersey, respondent pro se.



MEMORANDUM AND ORDER ON
Per Curiam.
Respondent was admitted to practice by this Court in 2011. He presently lists a New Jersey business address with the Office of Court Administration.
Respondent is currently the subject of an investigation of alleged professional misconduct by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) stemming from AGC's receipt of a complaint related to respondent's attorney escrow account. Respondent denied any wrongdoing and provided certain records requested by AGC. Respondent was thereafter served by AGC with a notice to appear for an examination on a scheduled date with certain additional documentation. Respondent acknowledged receipt of said notice. However, respondent later sent a letter to AGC asserting that he was opposed to appearing at the examination and, in any event,
could not attend because of a longstanding medical appointment. AGC was unable to contact respondent directly concerning this matter, and respondent subsequently failed to appear for the scheduled examination or provide any further documentation.
Now, by order to show cause returnable August 20, 2018, AGC moves for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (3) suspending respondent from the practice of law during the pendency of its investigation. Respondent opposes the motion, claiming, among other things, that he has already sufficiently complied with AGC's demands and, therefore, AGC's request for an examination and the production of further records demonstrates AGC's bias against him and is a "violation of [his] rights."
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) provides that a respondent may be suspended during the pendency of a disciplinary investigation upon a showing that he or she "has engaged in conduct immediately threatening the public interest." Here, the record contains clear evidence establishing respondent's refusal to fully cooperate with AGC's lawful demands for the production of records and for his appearance at an examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]; see also Matter of Yu, ___ AD3d ___, ___, 77 NYS3d 918, 919 [2018]; Matter of Humphrey, 151 AD3d 1539, 1540 [2017]; Matter of Reynolds, 151 AD3d 1542, 1542—1543 [2017]). Contrary to respondent's argument, the requirement that all attorneys licensed to practice in this state fully cooperate in a grievance committee investigation is not limited by that attorney's view of what the scope of such inquiries should be. As a consequence, we find that respondent's defiant conduct herein immediately threatens the public interest (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and "clearly imperils the effectiveness of the attorney disciplinary system" (Matter of Yu, 77 NYS3d at 919). Accordingly, we grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]; see also Matter of DiStefano, 154 AD3d 1055 [2017]; Matter of Humphrey, 151 AD3d at 1539).
Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).