Matter of Hessberg (2018 NY Slip Op 07823)





Matter of Hessberg


2018 NY Slip Op 07823


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: November 15, 2018
[*1]
In the Matter of ALBERT HESSBERG III, an Attorney.
 (Attorney Registration No. 1792118)

Calendar Date: October 1, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
E. Stewart Jones Hacker Murphy, LLP, Troy (E. Stewart Jones Jr. of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1982. Until March 2018, respondent was a partner in an Albany law firm. Respondent is currently the subject of an investigation of professional misconduct by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) regarding allegations that he, among other things, misappropriated client funds in connection with his representation of those clients in various estate and trust matters. According to AGC, respondent has failed to cooperate with its lawful requests for information or substantively respond to its inquiries regarding information that AGC has received alleging that respondent has engaged in serious professional misconduct.
Now, by order to show cause returnable October 1, 2018, AGC moves for an order pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3), (4) and (5) suspending respondent from the practice of law during the pendency of its investigation. Respondent did not formally respond to the motion or submit a denial to the allegations; however, he did cross-move for leave to tender his resignation by affidavit as provided in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10. AGC opposes the cross motion, arguing that respondent's affidavit failed to fully comport with the requirements of an application to resign from the practice of law in this state while an investigation is pending. Inasmuch as our review of respondent's submission confirms that he has failed to fully supply the specific information mandated by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 (b) for an attorney alleged to have "willfully misappropriated or misapplied money," we agree that respondent's cross motion must be denied on sufficiency grounds.
Turning to AGC's motion seeking respondent's interim suspension, we find that AGC has submitted sufficient evidence establishing respondent's failure to substantively cooperate in its investigation, as well as other proof of respondent's failure to pay money owed to clients and other professional misconduct, and respondent has failed to controvert or deny such proof (see Matter of Humphrey, 151 AD3d 1539, 1540 [2017]; Matter of Reynolds, 151 AD3d 1542, 1542-1543 [2017]). Accordingly, we conclude that respondent's conduct immediately threatens the [*2]public interest and imperils the effectiveness of the attorney disciplinary system (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). We, therefore, grant AGC's motion and suspend respondent from the practice of law during the pendency of AGC's investigation and until further order of this Court (see Matter of DiStefano, 154 AD3d 1055, 1057 [2017]; Matter of Nichols, 152 AD3d 1044, 1045 [2017]; Matter of Plimpton, 116 AD3d 1297, 1298 [2014]).
Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that the cross motion by respondent is denied; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond or to appear for further investigatory and disciplinary proceedings within six months of the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).