Matter of Barry (2018 NY Slip Op 08003)





Matter of Barry


2018 NY Slip Op 08003


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018


[*1]In the Matter of PETER HUGHES BARRY, an Attorney. (Attorney Registration No. 4260097)

Calendar Date: November 5, 2018

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Anna E. Remet of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2004 and currently maintains an office for the practice of law in the City of Saratoga Springs, Saratoga County. Based upon a complaint received in March 2017, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) commenced an investigation concerning respondent's alleged misconduct in the context of his representation of a client in a real estate matter. Pursuant to its investigation, AGC sent two notices of complaint to respondent in May 2017 directing him to provide responses to the allegations in the complaints. Based upon his deficient responses, AGC sent respondent a demand to clarify his responses and provide further information. Respondent provided no response, prompting AGC to send a second demand for clarification along with a demand for a response to additional allegations made by one of the complainants. Respondent again failed to respond. Accordingly, AGC provided respondent with a notice to appear for an examination under oath and to produce certain documents related to its investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2]). Despite confirmation that said notice was delivered to respondent's business address on file with the Office of Court Administration and was signed for at that office, respondent failed to respond and later failed to appear at the examination.
AGC now accordingly moves to suspend respondent during the pendency of its investigation on the basis that he "has engaged in conduct immediately threatening the public interest" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]). "Such conduct may be established by, among other things, proof that the respondent has defaulted in responding to a notice to appear for formal interview, examination or pursuant to subpoena, or has otherwise failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation" (Matter of DiStefano, 154 AD3d 1055, 1056-1057 [2017] [citations omitted]; see [*2]Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]).
To date, respondent has failed to respond to AGC's motion and, thus, the aforementioned facts establishing respondent's lack of cooperation with the investigation are uncontroverted (see Matter of Channing, 163 AD3d 1259, 1260 [2018]). Accordingly, we find that respondent has engaged in conduct that poses an immediate threat to the public interest and, therefore, grant AGC's motion and suspend respondent from the practice of law, effective immediately (Matter of Humphrey, 151 AD3d 1539, 1540 [2017]; Matter of Croak, 148 AD3d 1451, 1452 [2017]).
Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).