Matter of Ackerman (2018 NY Slip Op 08416)





Matter of Ackerman


2018 NY Slip Op 08416


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: December 6, 2018
[*1]
In the Matter of PHILIP GEORGE ACKERMAN, an Attorney. 

(Attorney Registration No. 2530517)

Calendar Date: November 5, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1993. He presently lists a business address in the City of Troy, Rensselaer County with the Office of Court Administration.
Respondent is currently under investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) in connection with four separate client complaints alleging, among other misconduct, abandonment of the clients' legal matters and lack of communication. In connection with those complaints, AGC has provided respondent with a total of nine separate notices of complaint directing him to provide detailed responses to same (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [b] [2]; [c]). Furthermore, in connection with two such complaints, AGC has sent respondent a notice to appear for examination under oath and to produce files. All of the aforementioned notices were sent to respondent at both his Troy business address and at a second known business address in the City of Rensselaer, Rensselaer County; both such addresses were confirmed by respondent as correct during a telephone conversation with AGC staff. Often, these various notices were sent by both first-class mail and by certified mail, return receipt requested. Although a few of the certified mailings were returned to AGC as "unclaimed," the vast majority of the mailings were not returned to AGC as undeliverable and, on at least one occasion, respondent personally signed for one of the certified mailings. Nonetheless, AGC now avers that respondent did not respond to any of the notices of complaint and did not appear for examination as directed.[FN1]
AGC now accordingly moves, by order to show cause supported by affidavit of counsel, to suspend respondent from the practice of law during the pendency of its investigations (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [1], [3]). Respondent has not [*2]responded to the motion, leaving the above allegations of noncooperation fully uncontroverted (see Matter of Barry, ___ AD3d ___, 2018 NY Slip Op 08003 [2018]; Matter of DiStefano, 154 AD3d 1055, 1056 [2017]). We therefore find that respondent has failed to comply with the lawful demands of AGC during its investigation and has defaulted in response to a notice to appear for examination. Such noncooperation constitutes "conduct immediately threatening the public interest" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a]) and warrants respondent's immediate suspension from practice (see Matter of Channing, 163 AD3d 1259, 1260 [2018]; Matter of Fritzsch, 162 AD3d 1388, 1389 [2018]). We therefore grant AGC's motion.
Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).



Footnotes

Footnote 1: We note that respondent has an extensive history with AGC, having received some measure of private discipline on 11 separate occasions since 2002. Notably, many of those private disciplinary sanctions relate to respondent's lack of cooperation with AGC in its investigation of his conduct, including eight separate admonitions issued in 2017 that cite to, among other misconduct, his failure to adequately respond to notices issued by AGC and/or a subpoena issued by this Court.