Matter of Tomney (2019 NY Slip Op 06130)





Matter of Tomney


2019 NY Slip Op 06130


Decided on August 8, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.




Decided and Entered: August 8, 2019
[*1]
In the Matter of DAVID KENNETH TOMNEY, an Attorney. 

(Attorney Registration No. 1738236)

Calendar Date: July 23, 2019

Before: Lynch, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by the Second Department in 1981. He presently maintains a law office in the Town of Clifton Park, Saratoga County.
Respondent became the subject of two investigations of alleged professional misconduct commenced by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) following AGC's receipt of a March 2017 dishonored check report from the Lawyers' Fund for Client Protection and an April 2018 neglect complaint from an estate client. Although respondent thereafter provided sporadic cooperation, appeared for an examination pursuant to a judicial subpoena duces tecum and was accorded many extensions, he ultimately failed to completely provide the promised information that AGC required to fully investigate his escrow account in connection with the dishonored check report. AGC accordingly moves for respondent's interim suspension.
Thereafter, this Court, by June 2019 confidential order, directed that respondent comply with AGC's lawful request for information and documentation by July 18, 2019. Respondent was further advised that any failure on his part to satisfy this Court's directive would "result in respondent's immediate suspension without further notice." By correspondence dated July 19, 2019, AGC has reported that it still has not received the requested information as directed by this Court.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), a respondent may be suspended during the pendency of a disciplinary investigation upon a showing that he or she has "failed to comply with a lawful demand of an attorney grievance committee in the course of its investigation" (Matter of DiStefano, 154 AD3d 1055, 1057 [2017] [citations omitted]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [a] [3]). Here, although the record indicates that respondent did cooperate to the extent of providing some of the information requested by AGC, it cannot be disputed that AGC has been patient in granting extensions and attempting to accommodate respondent despite his longstanding pattern of failing to fully cooperate with AGC's legitimate investigation of his attorney escrow account. Nevertheless, respondent has failed to provide AGC with the specific information reasonably requested of him in the January 14, 2019 correspondence. Accordingly, we find that respondent [*2]has engaged in conduct that poses an immediate threat to the public interest (see Matter of Barry, 166 AD3d 1373, 1374 [2018]). Moreover, respondent's failure to comply with AGC's lawful demands for the documentation or the directive of this Court is not disputed by respondent (see Rules for Attorney Disciplinary Matters [22 NYCRR] §§ 1240.7 [b]; 1240.9 [b]). Accordingly, we grant AGC's motion and suspend respondent from the practice of law, effective immediately (see Matter of Reynolds, 151 AD3d 1542, 1543 [2017]).
Lynch, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the Confidential Memorandum and Order on Motion decided and entered June 3, 2019 is hereby vacated; and it is further
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him, and it is further
ORDERED that, within 20 days from the date of this decision, respondent may submit a request, in writing, to this Court for a postsuspension hearing (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [c]); and it is further
ORDERED that respondent's failure to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of this decision may result in his disbarment by the Court without further notice (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.9 [b]).